RODERICK ANDRE HALL,

   Defendant

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 17 2015

Abel Acosta, Clerk

v.

STATE OF TEXAS

(Lubbock County),

   Respondent

IN THE 364TH DISTRICT COURT

OF

LUBBOCK COUNTY, TEXAS

CASE NO. 2012-436,716-C

## DEFENDANT'S OBJECTIONS TO FINDINGS OF FACT AND CONCLUSIONS OF LAW

COMES NOW, the defendant, Roderick Hall in Pro Se, respectfully submit to this Honorable Court, objections to the Court's Findings of Fact And Conclusions of Law.

The defendant asserts the following in opposition to the Court's findings:

(1) The Court finds no deficiency has been shown in the search warrant to search the defendant's residence. The defendant's response to that, is even if the affidavit for search warrant doesn't require a seal of the court or the Magistrate's title for it to be valid. The probable cause presented in the affidavit for a search warrant presented by corrupt police officers, which one was under investigation for corruption at the time of the affidavit for a search warrant being presented to the Magistrate was that the defendant had sold drugs to a Confidential Informant in a "controlled buy" at a different location from his residence. There was no drug or marked money produced in the affidavit for search warrant; at the Grand Jury; or at any stages of any court proceedings of the defendant. In addition, if indeed a controlled buy was done at a different location, then that does not give the authorities the right to raid the defendant's residence, because there was no evidence that any drug dealing was going on in the residence. Counsel did not specifically request in discovery the marked money or the drugs that defendant supposed had sold in the control buy, nor did counsel seek to have the affidavit for search warrant and search warrant suppressed because there existed no probable cause (drugs sold/marked money). Counsel performance was deficient and defendant was prejudiced by the illegally obtained evidence being used against him, that counsel failed to challenge correctly. No reasonable jury would had found the defendant guilty without first seeing the drugs and marked money entered into evidence against the defendant. To

1.

raid a person residence, then say "WE KNEW IT.. HE HAD SOMETHING ILLEGAL IN HIS HOME" is putting the **cart before the horse** when there is no probable cause i.e. drugs sold to C.I. and marked money used to buy the drugs in an alleged controlled buy. (2) Insufficient trial preparation. The defendant asserts, that Counsel Daniel Hurley only motions he made that the defendant was aware of was the two Suppression Hearing motions that are presented as evidence in defendant's initial habeas corpus 11.07 motion. Nevertheless, those two suppression motions weren't filed until January of 2013 when the defendant had been charged in 2011 and unbeknownst to him it dismissed and re-charged in 2012, those suppression hearing motions should have been filed at the initial stages of the case. Therefore, counsel was ineffective by filing late suppression motions after-the-fact. Even then Counsel Hurley never showed the motions to the defendant, nor discussed them with him. They weren't seen, until the defendant's Common-Law wife obtained them from the Court, after he was sentenced. In addition, if the Court is referring to other motions filed e.g. Rule 404(b) evidence and etc. If they are for the original indictment for the cause no.2011-431,013 instead of for cause no.2012-436,761, then this would not be sufficient because the reindictment charge was up-dated, adding a fire arm to the case. Therefore the motions would have had to be up-dated in order for the Counsel to be deficiently defending the defendant.

(3) Involuntary Guilty Plea. The counsel contradict himself in his own affidavit in paragraph 2 by saying he was prepared for trial, then in paragraph 9 he said he had discussed a plea deal with the defendant, before July 8,2014. Even if the Court do not believe any of the defendant's versions of what conversations that he and Counsel had between them. The fact remains that Counsel Hurley did not allow defendant to be present at the dismissal hearing of the charges against him nor the reindictment hearing of the same charge with exception of a fire arm added to the charge. The defendant has a right to be at those hearings and to contest the charges, see evidence used against him and have counsel represent him and etc. Because counsel failed to have defendant present at those crucial stages of the case, his performance fell below the normal standard and the defendant was prejudiced by Counsel deficient performance, by being denied a right protected under the Texas constitution and United States constitution.

(4) Counsel did not safe guard the defendant's Speedy Trial Right. The Court records will not show any indication on record that he challenged the Speedy Trial violation.

The defendant asserts that if it wasn't for his Counsel deficient performance, he would had went to trial. But the defendant could not go to trial without an

2.

attorney. Counsel Hurley knew that if he put the defendant with his back up against the wall, he would have no other choice but to plea guilty and the case would be over. The defendant was prejudiced when he was left with no other alternative to plea guilty, even though he wanted to go to Trial-by-Judge like his Counsel lead him to believe they were going to do all the way up until the day of the trial was suppose to start. See Counsel's affidavit: "We were set for bench trial".[¶2 first sentence]

The defendant request that the Criminal Court of Appeals give consideration to the defendant's allegations as it reviews the court records that will coincide with the defendant's allegations. Defendant wasn't told by counsel the consequences of his plea nor the maximum sentence he faced, therefore the guilty plea was involuntary and counsel leaving the defendant to fend for himself on trial day and not having him present him in important hearings i.e. dismissal and reindictment of the case amounts to ineffective assistance of counsel.

WHEREFORE, the defendant's motion should be granted and his conviction and sentence vacated for violation of Texas Constitution and the United States Constitution.

Respectfully Submitted,

Roderick Hall
#46415-177
1900 Simler Ave.
Big Springs, Tx. 79720
FCI-Low

### CERTIFICATE OF SERVICE

The defendant, Roderick Hall hereby swear under the penalty of perjury that the original motion of defendant's Objections was mailed pre-postage paid through the institution's mail system and one copy to the District Attorney and a copy to Lubbock County District Court on _11th_ day _Feb._ mont, 2015.